DECISION
{¶ 1} Plaintiff-appellant, Alpha Coles-Morgan, appeals from an order of the Franklin County Court of Common Pleas denying her motion to certify a plaintiff class and to pursue her action against defendants-appellees, Flagship Mortgage Corp. ("Flagship") and its president, Jeff Flees, as a representative of that class.
 {¶ 2} Appellant initiated this action with a complaint setting forth four claims against appellees arising out of a mortgage loan she obtained from Flagship. The complaint set forth claims for breach of fiduciary duty, fraud, violations of the Ohio Consumer Sales Practices Act, and violations of the Ohio Mortgage Brokers Act. The gist of the complaint was that Flagship had made verbal representations that appellant would be granted a mortgage on the "best available terms," but instead offered her a mortgage that included a "yield spread premium" paid to Flagship, representing in essence a bonus paid to Flagship by the third-party lender for inducing appellant to enter into a loan on terms more favorable to the lender and less advantageous for her.
 {¶ 3} Appellant filed a motion for class certification on the basis that the mortgage practices in question were widespread and other borrowers who had engaged in transactions in which Flagship took a yield spread premium on the transaction could most efficiently and effectively have their claims adjudicated as part of a class action. The trial court denied appellant's motion for class certification on the basis that appellant would not be an appropriate class representative because her son, Ryan Morgan, had negotiated the mortgage loan transaction on her behalf and she had relied upon him in her dealings with Flagship. This created a conflict because Ryan Morgan subsequently worked for Flagship and, although not a named defendant in the complaint, might eventually be put in a position in which appellant would be less willing to prosecute the case at Ryan Morgan's expense, even if it were in the interest of the rest of the members of the class. The trial court also noted that proposed counsel for the class action had represented Ryan Morgan in other, unrelated matters.
 {¶ 4} Appellant has timely appealed from the trial court's denial of class certification, and brings the following assignments of error:
ASSIGNMENT OF ERROR I
The trial court abused its discretion and erred as a matter of law when it denied class certification on the basis that Ms. Coles-Morgan is not an adequate class representative.
ASSIGNMENT OF ERROR II
The trial court abused its discretion and erred as a matter of law by denying class certification on the ground that Ms. Coles-Morgan may not be an adequate representative. The standards of Civ.R. 23 required any doubts about adequate representation or potential conflicts be resolved in favor of upholding the class, subject to the trial court's authority to amend or adjust its certification order as developing circumstances demand, including the augmentation or substitution of representative parties and ongoing review by the trial court and class counsel as the case develops. Baughman v. State Farm Mut. Auto. Ins. Co. (2000),88 Ohio St.3d 480, 487; Shaver v. Standard Oil Co. (6th Dist. 1990),68 Ohio App.3d 783, 799.
 {¶ 5} Class actions are governed by Civ.R. 23. The general prerequisites to a class action are set forth in Civ.R. 23(A):
One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
 {¶ 6} In addition, Civ.R. 23(B) sets forth various types of class actions maintainable once the prerequisites of Civ.R. 23(A) are met.
An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:
(1) the prosecution of separate actions by or against individual members of the class would create a risk of (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or
(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action.
 {¶ 7} The Ohio Supreme Court has stated that a "trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." Marks v. C.P. Chemical Co. (1987), 31 Ohio St.3d 200, syllabus. "However, the trial court's discretion in deciding whether to certify a class action is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23. The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." Hamilton v. Ohio Savings Bank (1998), 82 Ohio St.3d 67, 70, citing General Telephone Co. of Southwest v. Falcon (1982), 457 U.S. 147,160-161, 102 S.Ct. 2364.
 {¶ 8} In interpreting and applying Civ.R. 23, the Ohio Supreme Court has held that, because the Ohio rule is virtually identical with Fed.R.Civ.P. 23 on class actions, "federal authority is an appropriate aid to interpretation of the Ohio rule." Marks, at 201. In determining whether a case may be pursued as a class action, the court shall not consider the merits of the case except for the limited purpose of determining whether the requirements of Civ.R. 23 are met. Falcon, at 160.
 {¶ 9} The party pursuing certification of a class action bears the burden of showing by a preponderance of the evidence that the prerequisites set forth in Civ.R. 23 are present, and that the action falls within one of the categories of Civ.R. 23(B). State ex rel. Oganv. Teater (1978), 54 Ohio St.2d 235, 247. The requirements of the rule were synthesized by the Ohio Supreme Court in Hamilton, at 71:
The following seven requirements must be satisfied before an action may be maintained as a class action under Civ.R. 23: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met. Civ.R. 23(A) and (B);Warner v. Waste Mgt., Inc. (1988), 36 Ohio St.3d 91, 521 N.E.2d 1091.
 {¶ 10} The element at issue in the present case is the sixth underHamilton, that is, whether appellant can fairly and adequately protect the interests of the class. "The requirement for typicality is met where there is no express conflict between the class representatives and the class. Similarly, a representative is deemed adequate so long as his or her interest is not antagonistic to that of other class members."Hamilton, at 77-78. In the present case, while we find that the typicality requirement is not particularly at issue, we agree with the trial court that the potential conflict between the interests of appellant in this litigation and that of other class members makes her an inadequate class representative for the litigation as it is presently projected in this case.
 {¶ 11} Appellant does not dispute that she, during her negotiations with Flagship, left the entire loan transaction in the hands of her son. In her deposition testimony, appellant concedes that she did not review the loan summary documents or settlement statement prior to closing, allowing her son to do so. She did not discuss the terms of the loan with her son because she trusted his judgment. Appellant never communicated personally with Flees, nor did she personally receive the alleged oral misrepresentations communicated by Flagship's employee in charge of the loan, Gordon Woodson. Appellant's testimony is that all of her information and communication about the mortgage loan came to her through Ryan Morgan's statements. The proposed class action complaint identifies two "class periods," March 25, 1998 to the present, and March 25, 2001 to the present. It is conceded that, during at least one of these class periods, Ryan Morgan worked for Flagship, Flees, and Woodson, who apparently had been impressed enough with Ryan Morgan's conduct while obtaining a loan for his mother to offer him employment with Flagship. Because Ryan Morgan's employment with Flagship means that the proposed class representative's son is potentially aligned with the defendant corporation in the matter, we find that in the present case the trial court could properly determine that the class representative's interest was "antagonistic to that of other class members." Warner v. WasteManagement, Inc. (1988), 36 Ohio St.3d 91, 98. While appellant argues that the conflict is only potential in this stage of the litigation and that the trial court should have resolved any doubts about class representation in favor of upholding the class, Baughman v. State FarmMut. Auto. Ins. Co. (2000), 88 Ohio St.3d 480, 487-488, and amended or adjusted a certification order as developing circumstances required including substitution of representative parties, id., the conflict in the present case is certain and apparent enough for the trial court to, within its discretion, choose to avoid certifying the class entirely. A trial court has wide latitude in the procedural management of the proceedings before it, and we do not find that the trial court's position that the class should not be certified under the present circumstances represented an arbitrary or unconscionable determination. We therefore find no abuse of discretion on the part of the trial court in declining to certify the class based on appellant's adequacy as a representative.
 {¶ 12} The trial court also in its decision noted that there appear to be doubts about the adequacy of class counsel based upon counsel's representation of Ryan Morgan in other matters. The trial court's determination in this respect was not fully developed in its decision. Under Civ.R. 23(A)(4), adequacy of representation is divided into two components, consisting of the adequacy of the representative and adequacy of counsel. Marks, at 203. The record reveals nothing in the conduct of the litigation before the trial court or in this appeal that would indicate that counsel for appellant is not, as a matter of professional competence, able to undertake adequate representation of the class. The sole difficulty appears to be counsel's representation of Ryan Morgan in other matters. The scope and implications of that representation were not fully developed before the trial court, and the trial court in its decision is not explicit on the question of whether counsel is inadequate only because appellant is class representative, or whether counsel could adequately represent the class if another representative was substituted. Because it is not clear that the trial court intended to find that proposed class counsel was inadequate under all circumstances, we decline to affirm or reverse a ruling that the trial court may not have made. The record reveals that motions are pending before the trial court to substitute a different class representative, depending upon the outcome of this appeal. Because we expressly make no ruling upon the adequacy of class counsel if a different class representative is substituted, the trial court may make a determination on this question as a question of first impression in the case upon remand.
 {¶ 13} In the same vein, we note that Flagship has taken the precaution of vigorously arguing in this appeal all the other required elements of the class action enumerated in Hamilton, supra. The trial court clearly has yet to address any of these issues and accordingly these arguments against certification of the class will not be addressed in this decision.
 {¶ 14} In accordance with the foregoing, appellant's two assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas denying certification of the plaintiff class on the grounds that appellant is not an adequate class representative is affirmed. The trial court will clarify its decision on the adequacy of putative class counsel when addressing the matter upon remand. The matter is remanded for further proceedings in accordance with law and this decision.
Judgment affirmed; case remanded.
Klatt and Sadler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.